## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**LESIA ROSHAD HORTON, #56612-056**

        **Petitioner,**

v.                                  **CIVIL ACTION NO. 2:17cv177**

**ERIC D. WILSON, Warden**
**FCC Petersburg Medium**

        **Respondent.**

## REPORT AND RECOMMENDATION

In this petition for habeas relief under 28 U.S.C. § 2241, Petitioner Lesia Roshad Horton challenges a decision by the Bureau of Prisons ("BOP") which denied him access to a discretionary sentence reduction available to inmates who complete a residential drug treatment program. Because the BOP's decision is not subject to judicial review under the Administrative Procedures Act ("APA") and Horton's claims fail to plausibly allege a constitutional or legal defect in the BOP's enactment or application of the relevant regulations, this Report recommends Horton's petition be denied and dismissed.

### I. FACTUAL AND PROCEDURAL HISTORY

Horton, a federal inmate, is serving a 92-month federal prison sentence following his conviction for being a felon in possession of a firearm. While serving his sentence at FCI Petersburg, Horton was interviewed by the facility's Drug Abuse Program Coordinator to determine whether he qualified for services in the prison's Residential Drug Abuse Prevention Program ("RDAP"). The BOP created RDAP pursuant to Congressional authority to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a

1

treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b)(5). The authorizing statute also mandated a residential program. Id. at § 3621(e). Participating in RDAP is voluntary and placement decisions are made by the facility's Treatment Coordinator. 28 C.F.R. § 550.56. To encourage participation, BOP offers a variety of incentives. At issue here is the Bureau's ability to grant up to a one year reduction in sentence for non-violent offenders who successfully complete the program. 18 U.S.C. § 3621(e); Lopez v. Davis, 531 U.S. 230, 233 (2001).

Although Horton was qualified to participate in RDAP, his case was reviewed by BOP's Designation and Sentence Computation Center ("DSCC") to determine whether Horton would be eligible for a discretionary sentence reduction on completing the program. Relying on implementing regulations adopted by BOP, the legal staff at DSCC determined that Horton would not be eligible. As a result, BOP concluded that Horton was ineligible for any sentence reduction because his offense "involved the carrying, possession or use of a firearm" and "by its nature or conduct, presented a serious potential risk of physical force against the person or property of another." (Declaration of L. Cruz at ¶ 16 (ECF No. 9-2), (quoting 28 C.F.R. § 550.55(b)(5) and (6). Horton appealed the DSCC conclusion, and as the Government concedes, Horton has exhausted his administrative remedies.

In his habeas petition in this court, Horton makes two arguments. First, he claims that the BOP's adoption of 28 C.F.R. § 550.55, relied upon to deny his participation in the sentence reduction incentive, violates the Administrative Procedures Act, 5 U.S.C. § 701 ("APA" or the "Act"). He claims the regulation is contrary to the language and intent of 18 U.S.C. § 3621(e), the statute it purports to implement. Horton also asserts a general denial of due process and

equal protection in the BOP's administration of RDAP's sentence reduction incentive.[1]

The Respondent filed a Rule 5 Answer and Motion to Dismiss arguing that judicial review of any individual decision to grant or deny admission into RDAP is not subject to review under the APA, and that the BOP's promulgation of 28 C.F.R. § 550.55 did not violate the act. Respondent also contends that Horton enjoys no due process liberty interest in this discretionary program of early release and Horton has not alleged a violation of equal protection. As a result, Respondent argues Horton is not being detained in violation of the constitution or laws of the United States and states no claim for habeas relief. This report analyzes Horton's APA argument as to both the individual decision denying his eligibility and the Bureau's enactment of the regulation and related program statement underlying its decision. It concludes that neither decision violates the terms of the APA. In addition, Horton's general claims that he was denied due process and equal protection fail to plausibly allege facts which would state a claim for habeas relief.

## II. ANALYSIS

After considering Respondent's arguments and the claims set forth in the Petition, as well as the Reply, the undersigned concludes that Horton has not asserted a request for judicial review of the individual decision denying him admission to the Program. Nevertheless, to the extent such a claim can be read in his pleadings, it is expressly foreclosed by 18 U.S.C. § 3625. With regard to the claim Horton does assert, namely that the BOP's implementing regulation is contrary to Congressional intent, and thus violates the APA, the undersigned concludes that BOP's enactment of the challenged regulation was a valid exercise of its Congressionally-delegated discretion to implement RDAP in the Petersburg Facility. Horton's more general

---

[1] Horton also asserted a third argument related to the language of a Program Statement interpreting the meaning of "crime of violence." But as the Government notes, the regulation Horton attacks was superseded prior to his sentencing rendering his arguments against the superseded language moot. Opp. Br. at 13-14 (ECF No. 9).

claim to have been denied due process and equal protection is contradicted by Supreme Court precedent that establishes no protected liberty interest arising from the BOP's admittedly discretionary program of early release and by Horton's failure to identify any similarly situated prisoner who was treated differently than he was. Because Horton alleges no other basis on which to conclude that he is being held in violation of federal law, his habeas claim should be dismissed.

### A. 18 U.S.C. § 3625 expressly precludes judicial review of individual decisions granting discretionary sentence reduction under § 3621(e).

Although Horton frames his challenge in the nature of a general attack on the enactment of regulations relied upon by the DSCC to deny him eligibility for discretionary release, to the extent they could be construed as a direct challenge to the individual decision made by BOP in his case, such matters are expressly precluded from judicial review by the language of 18 U.S.C. § 3625. The decision to admit an inmate to RDAP (and the resulting possibility of an earned sentence reduction) is reserved to the discretion of the BOP under the language of 18 U.S.C. § 3629(e)(2)(B). Congress specifically excluded these subsections from judicial review under the APA by the express terms of § 3625 which provides in relevant part "the provisions of § 554 and § 555 and §§ 701-706 of Title V, United States Code, [the APA] do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. As a result, BOP's individual decision to deny Horton's admission into RDAP and access to the related discretionary sentence reduction is not reviewable by this Court under the act. Whitaker v. Stansbury, No. 3:03cv662, 2009 WL 3762320, at *5 n.10 (E.D. Va. Nov. 9, 2009); Davis v. Beeler, 966 F. Supp. 483, 489 (E.D. Ky. 1997).

**B.      The BOP's enactment of 28 C.F.R. § 550.55 was a valid exercise of its regulatory authority and not manifestly contrary to congressional intent.**

Because Horton cannot challenge the individual decision which denied him eligibility, his primary argument is that the BOP's promulgation of 28 C.F.R. § 550.55 exceeds the agency's rulemaking authority by "categorically considering sentencing factors," and is therefore subject to review under the APA. Pet. at 3 (ECF No. 1). He claims the regulation conflicts with the express provisions of the statute which specifically allows early release to offenders "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). Because Horton was convicted under § 924(g) for mere possession of a firearm by convicted felon, he argues his offense of conviction was nonviolent and he should be eligible for early release. This argument has already been rejected by this court, and after reviewing that analysis and the argument set forth in Horton's brief, the undersigned concludes again that BOP acted within its regulatory authority in promulgating the regulations which exclude Horton from RDAP's sentence reduction provisions. Savage v. Wilson, No. 2:13cv578, 2014 WL 1902709, at *5 (E.D. Va. May 8, 2014); Whitaker, 2009 WL 3762320, at *6.

Agency rulemaking is subject to review under the APA, which requires courts to set aside rules that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(a). Even when vested with discretion, rulemaking agencies must still "examine the relevant data and articulate a satisfactory explanation for . . . action including a rational connection between the facts found and the choice made." F.C.C. v. Fox Television Stations, Inc., 566 U.S. 502, 513 (2009). See also Md. Dep't of Health & Mental Hygiene v. Ctr. for Medicare and Medicaid Servs., 542 F.3d 424, 428 (4th Cir. 2008) (describing the arbitrary and capricious analysis). But judicial review is narrow, and the Court must "not substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,

463 U.S. 29, 43 (1983).

The regulation relied upon by the BOP to deny Horton access to the early release incentive is found in 28 C.F.R. § 550.55, reissued in 2009. As relevant to Horton's claim, the rule declares certain inmates ineligible for early release, including those who have a current felony conviction for "an offense that involves the carrying, possession, or use of a firearm or other dangerous weapon," as well as an offense that, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." Cruz Decl. at 15-16 (ECF No. 9-2) (citing 28 C.F.R. § 550.55(b)(5)(ii)-(iii) and (6)). Horton claims the rule is contrary to the statutory intent expressed in § 3621(e)(2)(B), which specified only those convicted of nonviolent offenses could be considered for early release. He argues that the BOP offered no justification for the rule when it was adopted and thus it is "arbitrary and capricious." He also argues the rule conflicts with the plain language of the statute. Horton seems to suggest that the rulemaking rationale must appear in the administrative record of his individual review. Pet. at 3 (ECF No. 1). But the agency was entitled to rely on the program statement, the enactment of which has already survived judicial scrutiny.

When reissued in 2009, the rule was accompanied by the following statement of purpose:

> There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." 531 U.S. 230, 240 (2001). The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
>
> . . .

Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

Whitaker, 2009 WL 3762320, at *4 (quoting 74 Fed. Reg. 1892-01, 1895, Jan. 14 2009).

This rule and its explanatory statement clearly satisfied the BOP's obligation to provide a "rational connection between the facts found and the choice made." See Lopez, 531 U.S. at 240; Savage, 2014 WL 1902709 at *5. Public safety is clearly affected by the significant potential for violence resulting from armed offenders. As a result, neither promulgation of the rule, nor applying it to exclude Horton from the discretionary sentence reduction, violate the APA. Savage, 2014 WL 1902709 at *9 (citing Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43).

### C. Horton has not plausibly alleged a violation of due process or equal protection.

Finally, Horton's general argument that the Bureau's action denied him due process and equal protection is not sufficient to state a claim for habeas relief. See Pet. at 5-6 (ECF No. 1). To establish a violation of the due process clause, Horton must first identify a liberty or property interest protected by the Fifth Amendment. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999). Generally, once validly convicted and sentenced, a prisoner has no constitutionally-protected liberty interest in early discretionary release. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Sandin v. Conner, 515 U.S. 472, 484 (1995). If a statute permitting early release places no "substantive limitations on official discretion" in granting release, it implicates no liberty interest. Olim v. Wakinekona, 461 U.S. 238, 249 (1983).

Here, § 3621(e) grants virtually unfettered discretion to the Bureau of Prisons. The statute provides that the BOP "may" reduce the sentence of prisoners "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). Thus, even if Horton were determined to be a nonviolent

7

offender, his access to sentence reduction under RDAP would still be left to the discretion of the Bureau. As a result, and as several courts have already held, denial of access to the program is insufficient to trigger a liberty interest subject to due process protection. See Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Fonner v. Thompson, 955 F. Supp. 638, 642 (N.D.W.Va. 1997); Savage, 2014 WL 1902709, at *5. Because Horton has not articulated any other basis for his alleged due process violation, he has failed to state a claim for habeas relief on this ground.

With respect to his equal protection argument, his allegations also fail to plausibly allege a claim for relief. "[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination . . . ." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Williams v. Hansen, 326 F.3d 569, 576 (4th Cir. 2003) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). If such a showing is made, the court "proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Williams, 326 F.3d at 576 (quoting Morrison, 239 F.3d at 654).

Here, Horton has failed to identify any similarly situated prisoner who was treated differently with regard to RDAP early release. The prisoner he has identified was convicted of possession of a stolen firearm under 18 U.S.C. § 924(j). Horton claims this prisoner received early release following completion of RDAP and the similarity in their convictions implicates equal protection. But a conviction under § 924(j) is not a precluding offense under the Program

Statement relied upon by the BOP. PS 5162.05, Opp. Br., Ex. 1 (ECF No. 9-1). Whereas the same regulation defines all offenses under § 922(g) as a crime of violence "in all cases" for purposes of early release. Id. at 2. This is consistent with the different justifications animating each provision. Section 922(j) aims to regulate stolen guns due to the guns' "inherent evil," whereas 922(g) addresses "the premise that convicted felons have a greater propensity to commit crimes using firearms." United States v. Mobley, 956 F.2d 450, 454 (3rd Cir. 1992). Because Horton has not identified a similarly situated prisoner who was treated differently for any reason – he has not plausibly alleged a violation of equal protection.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and that Horton's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be DENIED and the case DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.      A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and

recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 8, 2017

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to:

**Lesia Roshad Horton**
56612-056
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804-1000

And an electronic copy provided to:

**Jennifer Elle Bowen**
United States Attorney's Office - Norfolk
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By_____
        Deputy Clerk

November 8 , 2017